UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. |
| Plaintiff, | : | |
| | : | I N D I C T M E N T |
| v. | : | 18 U.S.C. § 922(g)(1) |
| | : | |
| **JOVAN J. HANCOCK,** | : | |
| Defendant. | : | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 922(g)(1) and 924(a)(2)]

On or about May 17, 2022, in the Southern District of Ohio, defendant **JOVAN J. HANCOCK**, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, and this firearm was in and affecting commerce, and had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2).

Page **1** of **3**

## FORFEITURE ALLEGATION

1.  Upon conviction of Count 1 of this Indictment, defendant **JOVAN J. HANCOCK** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm and ammunition -- including a Taurus with serial number TLX67844 and ammunition -- involved in or used in such violation.

## SUBSTITUTE ASSETS

2.  If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL

_____
Foreperson

KENNETH L. PARKER
United States Attorney

_____
BRENT G. TABACCHI
Assistant United States Attorney